UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA WELCH,

      Plaintiff,

v.                                            CASE NO: 8:06-CV-2340-T-17MAP

NORTH AMERICAN TANK LINE, INC.,
a Florida corporation, and INDIAN RIVER
TRANSPORT, CO., a Florida corporation,

      Defendants.
_____/

## ORDER

      BEFORE THE COURT is Defendant's motion to enforce settlement agreement (doc. 23) and Plaintiff's response thereto (doc. 26). The motion purports that the Plaintiff's counsel and Defendants' counsel engaged in settlement negotiations on behalf of their clients, that Plaintiff's counsel had actual authority to settle the Plaintiff's claims for $45,000, that Plaintiff's counsel offered to settle the case for $45,000, that Defendants relied in good faith upon the Plaintiff's offer and authorized their counsel to accept Plaintiff's offer to settle the case for $45,000. Defendants seek entry of a Court order requiring Plaintiff to be bound by the settlement agreement in the amount of $45,000. Plaintiff's counsel submits that Ms. Welch gave him full authority to extend the $45,000 offer of settlement to the Defendants, but that Ms. Welch now claims she never authorized the $45,000 settlement offer.

      In determining whether an enforceable settlement agreement exists, the court must determine two issues: 1) whether the attorney had clear and unequivocal authority to enter into a binding settlement agreement; and 2) whether a binding agreement was reached under principles of contract

law.[1]  Under Florida law, a party seeking the enforcement of a settlement agreement bears the burden of establishing assent by the opposing party.  The attorney must have clear and unequivocal authority to settle on the client's behalf.  The clear and unequivocal standard is stringent and an attorney's belief alone that he or she had the authority to settle on behalf of his or her client is not enough to satisfy the high burden.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483 (11th Cir. 1994) (enforcing settlement where client had knowledge his attorney was conducting settlement negotiations, took active role in directing attorney through negotiations, and his silence when settlement was announced could reasonably be interpreted as approval of settlement); *Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp.*. 2007 WL 1655421 (S.D.Fla. 2007) ("It is simply nonsensical to argue that [the attorney] had the authority to make certain offers to [the opposing party] on behalf of his client, but not to enter into a binding agreement, when the making of an offer has the legal consequence of binding the offeror if that offer is accepted.").

An agreement is binding if the parties agree on the essential terms and seriously understand and intend the agreements to be binding upon them.  *Blackhawk Heating & Plumbing, Inc. v. Data Lease Fin. Corp.*, 302 So. 2d. 404, 405 (Fla. 1974).   "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs- not on te parties having meant the same thing but on their having said the same thing." *Id.*  At 407.  In determining the parties' intent, an objective test is utilized.  *Robbie,* 469 So. 2d at 1385.  Although execution is not a prerequisite, the agreement must be "sufficiently specific and mutually agreeable

---

[1] Federal courts can examine and summarily enforce settlement agreements entered into by litigants in a pending case.  *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991).  State law on interpretation of contracts governs the validity of settlement agreements.  *Schwartz v. Fla. Bd. Of Regents*, 807 F.2d 901 (11th Cir. 1987); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985).

on every essential agreement." *Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3rd DCA 1996); *Don Tullis & Assoc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985).  Settlement agreements are highly favored and will be enforced whenever possible.  *Robbie, supra.*

In an effort to resolve this dispute, this Court will convene an evidentiary hearing on Thursday, June 12, 2008, at 1:30 p.m. in Courtroom 11B of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  At the hearing, counsel and Ms. Welch are invited to present testimony and evidence concerning the settlement negotiations and other related issues.  In the event that the parties resolve their dispute prior to the hearing, counsel for Plaintiff shall contact my chambers at (813) 301-5011.

DONE and ORDERED at Tampa, Florida on this 5th of June, 2008.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


cc:     Linda Welch
        P.O. Box 63
        Auburndale, FL 33823

3